UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GINA MARIE BAGGETT,<br>   Plaintiff<br><br>vs.<br><br>VILLAGE OF CARLETON through its police department, CHIEF ROY JOHNSON, in his individual and official capacity,<br>   Defendants | Case No. _____ |

Andrew Sullivan (P84261)
Community Law Office
2937 E Grand Blvd.,
Detroit, Michigan 48202
(313) 391-1141
andrew@communitylawoffice.org

Holland Locklear (P82236)
Law Offices of Holland Locklear
607 Shelby St., Suite 725
Detroit, Michigan 48226
(833) 424-4466
holland@locklearlegal.com

> There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

1. The Village of Carleton retaliates against citizens who dare question tactics of their police department. Pursuant to that policy, Police Chief Roy Johnson

1

initiated a malicious prosecution of Gina Baggett in retaliation for her social media posts critical of the Carleton Police Department.

2. The Village of Carleton and Chief Johnson designed their policy in response to increased public scrutiny of police in the United States, particularly national protests following the police murder of George Floyd. The Village of Carleton and Chief Johnson sought to quell protest, to censor and deter critics, to manipulate the public discourse in violation of constitutional rights and fundamental tenants of democracy.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 (federal question).

4. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§1983 and 1988, and Fed. R. Civ. P. 57.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), since a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Ms. Baggett further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law

that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## **PARTIES**

7. Plaintiff Gina Marie Baggett is a 27-year-old United States citizen and a resident of the State of Michigan.

8. Defendant Village of Carleton is a municipal corporation organized and existing under the Constitution and laws of the State of Michigan. Defendant Village of Carleton operates the Carleton Police Department and employs Defendant Chief Roy Johnson as the Chief of Police. Defendant Village of Carleton is an official policy maker and instituted all policies complained of here, which were the moving force behind the conduct violative of Ms. Baggett's rights complained of here.

9. Defendant Chief Roy Johnson is, and at all relevant times was, the Chief of Police for the Carleton Police Department. Chief Johnson is an official policy maker for the Defendant Village of Carleton, including through its police department. Chief Johnson exercises authority over all operations of the Carleton Police Department, including hiring, firing, retention, disciplining, supervising, direction and management of all department employees, and overseeing and directing all actions and omissions made pursuant to police investigations. At all times, Defendant Chief Roy Johnson's actions were taken under the color of state law. He is sued in his individual and official capacities.

3

## RELEVANT FACTS

10. On June 8, 2021, Ms. Baggett called police to request an investigation regarding sexual abuse and trafficking she endured as a child.

11. Chief Roy Johnson responded to Ms. Baggett's request by visiting her home and taking her recorded statement.

12. In her statement to Chief Johnson, Ms. Baggett explained that the abuse dated back to approximately 2003.

13. Rather than investigate her claims or provide a legitimate basis for denying her investigation request, Chief Johnson intentionally misrepresented the statute of limitations of the criminal sexual conduct Ms. Baggett complained of.

14. Specifically, Chief Johnson stated falsely, "The statute of limitations on every crime in the State of Michigan, with the exception of homicide, is six years." Chief Johnson told Ms. Baggett her claims could not be investigated because the statute of limitations had passed: "The problem is, we're beyond six years."

15. The truth is M.C.L. 767.24(1)(a) allows an indictment for First-degree Criminal Sexual Conduct to be filed "at any time." In fact, the legislative purpose for lengthening the statute of limitations in sexual crimes involving minors was to provide added protection to such victims. *People v. Russo*, 439 Mich. 584, 596 (1992).

16. Chief Johnson's misrepresentation was knowing and intentional and made for purposes of Ms. Baggett relying on his misrepresentations and dissuading her from asserting her rights to report criminal conduct and demand police investigation.

17. Chief Johnson's misrepresentation was made pursuant to an official Carleton Police Department Policy of "reasonable deceit." The policy directs officers to use "reasonable deceit" to disguise their true reasons for declining to provide police assistance, to avoid criticism from citizens who requested the assistance.

18. Ms. Baggett asked for Chief Johnson's assistance preserving evidence. Chief Johnson again lied to Ms. Baggett, stating falsely "You need to talk to an attorney because I'm prohibited by law to give you legal advice."

19. In response to Chief Johnson's lies, Ms. Baggett posted a series of videos on to TikTok (a social media website) depicting herself speaking critically of Chief Johnson and the Carleton Police Department. In the series, Ms. Baggett criticized police practices that inadequately investigate allegations of child sex trafficking; questioned Chief Johnson's motivations for lying to her; and inferred that police mismanagement of victim complaints has an effect of aiding child sex traffickers.

20. Ms. Bagget's TikTok videos constitute core political speech, deserving the highest level of protection from the First Amendment to the Federal Constitution and Article 1 § 5 of the Michigan Constitution. Ms. Baggett had a clearly established right to criticize a public official's deceitfulness.

21. In an effort to stifle Ms. Bagget's constitutionally protected free speech critical of him and the Carleton Police Department, Chief Johnson sent a "cease and desist" letter to TikTok demanding the website remove Ms. Baggett's posts and threatening litigation if TikTok did not concede to his demands.

22. TikTok refused Chief Johnson's demands. In a response letter, TikTok's advised Chief Johnson that, upon review of Ms. Baggett's posts, none of the content violated internal standards of TikTok's "Community Guidelines."

23. Following TikTok's refusal to censor Ms. Baggett's speech, Chief Johnson pressured state and local prosecuting authorities to file criminal charges against Ms. Baggett by unconstitutionally and deceitfully framing her TikTok posts as a crime.

24. To facilitate a malicious prosecution of Ms. Baggett, Chief Johnson made knowing and material misrepresentations and omissions, or made such misrepresentations and omissions with reckless disregard for their truthfulness, to fabricate a basis of probable cause for charges against Ms. Baggett, and to otherwise

wrongfully initiate, escalate, and prolong the police actions and prosecutions against Ms. Baggett.

25. On July 20, 2022, as a result of Defendants' conduct, criminal charges were wrongfully filed against Ms. Baggett in the 1st District Court, case number 2022-222316-SM.

26. Initially the prosecution charged Ms. Baggett in a two-count complaint alleging misdemeanor violations for "Malicious use of service provided by telecommunications service provider" (M.C.L. 750.540e) and "Using a computer to commit a crime" (M.C.L. 750.145d).

27. On May 8, 2023, at the specific request of Chief Johnson, the charges against Ms. Baggett were escalated to a felony of "Unlawful Posting a Message" (M.C.L. 750.411s).  Case 2022-222316-SM thereby became Case 2023-231560-FY, still in the 1st District Court.

28. These charges were knowingly and maliciously initiated without probable cause, and in retaliation for protected speech.

29. At an arraignment on May 11, 2023, at the direction of Chief Johnson, the Special Prosecutor argued for Ms. Baggett's bond conditions to include a condition that Ms. Baggett be prohibited from posting on social media.

7

30. Chief Johnson oversaw, influenced, and directed the entirety of the investigation and prosecution of Ms. Baggett, including but not limited to, acting as complaining witness and falsely testifying at a preliminary examination.

31. Chief Johnson's specific intent in initiating the malicious prosecution against Ms. Baggett was to punish her political speech and viewpoints therein. In his testimony during a preliminary examination, he addressed Ms. Baggett directly:

> There are limits to free speech… you can say anything you want at any point. However, in certain circumstances there are consequences for those actions and that's why you are sitting here today

32. On August 29, 2024, the entirety of the criminal charges wrongfully brought against Ms. Baggett were dismissed in her favor as ordered by the 38th Circuit Court of Michigan, Honorable Daniel S. White presiding, in case number 2023-247720-FH.

33. Ms. Baggett's right to be free from unreasonable seizures including malicious prosecution, and right to be free from Defendants' retaliation for her exercise of free speech, are clearly established laws such that Defendants knew or should have known that their actions and policies violated state and federal constitutions, and therefore Defendants are not entitled to qualified immunity.

34. As a direct and proximate result of Defendants' unlawful actions, Ms. Baggett sustained, and will sustain in the future, injuries and damages including but not limited to the following:

    a. Violation of rights guaranteed by the First, Fourth, and Fourteenth Amendments of the United States Constitution;

    b. Violation of rights guaranteed by the Michigan Constitution, Article 1 §§ 3, 5, 11, 16 and 17;

    c. Loss of liberty;

    d. Economic damages, including, but not limited to, medical expenses, lost wages, income, and earning opportunity, attorney fees, costs and other expenses related to the wrongful malicious prosecution initiated against her, and other expenses incident to Defendants' wrongful conduct;

    e. Noneconomic damages, including but not limited to, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    f. Loss of consortium, society and companionship; and

    g. All other damages revealed or discovered in the course of this action.

35. The following claims for relief are asserted against all Defendants.

**<u>Count I</u>**
**Violation of Plaintiff's First Amendment Rights to Free Speech**
**42 U.S.C. § 1983**

36. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

37. Defendants' above-described conduct violated Ms. Baggett's rights to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution. Defendants' actions chilled and restricted Ms. Baggett's core political speech and would deter any person of ordinary firmness from exercising the constitutional right to critique government officials and policy.

38. Ms. Baggett's speech, which Defendants retaliated against, was constitutionally protected. Ms. Baggett's speech was not obscene, defamatory, inciting violence, or otherwise subject to lawful content restriction.

39. Defendants' retaliatory actions sought to censor Ms. Baggett and others, to prevent further speech critical of the Carleton Police Department and Defendant Chief Johnson. Defendants pursued this chilling purpose knowingly and intentionally, and with reckless disregard for the infringement on free speech rights of Ms. Baggett and other critics of the Carleton Police Department and Defendant Chief Johnson.

40. Defendants initiated a malicious prosecution of Ms. Baggett in retaliation for Ms. Baggett's constitutionally protected speech.

41. Defendants' retaliatory actions and maintenance of policy to target dissidents continues to chill and restrict the speech of Ms. Baggett and others. These constitutional harms will fester and grow without injunctive and declaratory relief.

## Count II
### Violation of Plaintiff's Fourth Amendment Rights to be Free from Unreasonable Searches or Seizures including a Malicious Prosecution
### 42 U.S.C. § 1983

42. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

43. Defendants violated Ms. Baggett's clearly established right to be free from meritless criminal prosecution and its consequences, said right being secured by the Fourth and Fourteenth Amendments of the United States Constitution.

44. Defendants intentionally and maliciously initiated criminal prosecution against Ms. Baggett, accusing her of crimes based exclusively on her core political speech critical of the Carleton Police Department and Defendant Chief Johnson.

45. Defendants maintained and prolonged the warrantless prosecution of Ms. Baggett by material misrepresentations and omissions designed to fabricate a basis of probable cause. Defendants knew their actions contravened the legislature's purpose in enacting the criminal statutes Defendants cited to advance their meritless prosecution.

46. Defendants knew such misrepresentations and omissions were false, or, at the very least, were made with reckless disregard for their truthfulness, at the time they were made.

47. Defendants initiated this meritless prosecution with a malicious purpose of retaliating against Ms. Baggett for her core political speech critical of

Defendants Chief Johnson and the Carleton Police Department. In doing so, Defendants sought to censor the speech of Ms. Baggett and other critics, to manipulate the political discourse and to chill their free speech rights, in violation of the Constitution.

48. These maliciously motivated court proceedings against Ms. Baggett concluded with a dismissal of all charges, favorable to Ms. Baggett and reflecting Ms. Baggett's innocence.

### Count III
*Monell* Liability
42 U.S.C. § 1983

49. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

50. At all times herein, Defendant Village of Carleton, through its police department and policymakers including Defendant Chief Johnson, established or maintained customs, usages, policies, or practices set forth above, each of which was a moving force in causing and exacerbating Ms. Baggett's injuries and violations of her Constitutional rights.

51. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton has the ultimate responsibility and authority to train and supervise officers of the Carleton Police Department, including Defendant Chief Johnson, regarding appropriate responses to citizen complaints, proper criminal

investigations, and to prevent officers from retaliatory actions against citizens violative of free speech protections.

52. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton has the ultimate responsibility and authority to train and supervise officers of the Carleton Police Department, including Defendant Chief Johnson, in identification of constitutionally protected political speech which cannot form the sole basis for criminal penalty.

53. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton, as a matter of custom, policy or practice, failed to adequately and properly evaluate the constitutional consequences of their decision to retaliate against Ms. Baggett for her public statements critical of the Carleton Police Department and Defendant Chief Johnson.

54. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton tolerated, authorized, or permitted a custom, policy, practice, or procedure of unlawfully and unconstitutionally silencing critiques of the Carleton Police Department and Defendant Chief Johnson.

55. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton tolerated, authorized, or permitted a custom, policy, practice, or procedure of unlawfully and unconstitutionally initiate and continue malicious prosecution of individuals arbitrarily and without probable cause,

including those who it deems annoying, a nuisance, or a political threat, including Ms. Baggett.

56. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton tolerated, authorized, or permitted a custom, policy, practice, or procedure of disregarding, or covering up, complaints of wrongful or criminal conduct against its police department and its officers, including Chief Johnson, and retaliating against individuals who raise such complaints, including Ms. Baggett, in violation of their 14th amendment rights to equal protection and due process.

57. Through its policy makers, including Defendant Chief Johnson, Defendant Village of Carleton tolerated, authorized, or permitted a custom, policy, practice, or procedure of intentionally and knowingly lying to members of the public, including those who report crimes against them, regarding the law and their legal rights and obligations, including Ms. Baggett, in violation of their 14th amendment rights to equal protection and due process.

58. As a direct and proximate result of Defendant Village of Carleton's policies, practices, customs, actions and inactions, Ms. Baggett's sustained injuries complained of here.

## Count IV
**Violations of Plaintiff's State Constitutional Rights**
*Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673 (2022)

59. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

60. Defendants' violations of Ms. Baggett's federal constitutional rights likewise violated protections guaranteed by the Michigan Constitution Michigan Constitution, Article 1 §§ 3, 5, 11, 16 and 17.

61. As a direct and proximate result of Defendants' violations of Ms. Baggett's rights guaranteed by the Michigan Constitutional, Ms. Baggett suffered injury which continues, including emotional injury, as hereinbefore alleged.

62. Ms. Baggett seeks economic, declaratory and injunctive relief as allowed by Michigan law. Defendants are further subject to punitive damages as allowed by Michigan law.

## Count V
### Malicious Prosecution
### Michigan Common Law

63. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

64. Defendants initiated and continued criminal prosecution maliciously against Ms. Baggett.

65. Defendants' wrongful prosecution was terminated in Ms. Baggett's favor.

66. Defendants' wrongful prosecution lacked probable cause.

15

67. Defendants' wrongful prosecution was malicious in that it was done for a purpose other than that of securing the proper adjudication of the securing the proper adjudication of the charges.

68. As result of Defendants' conduct, Ms. Baggett suffered damages, including general and special injuries, that flowed directly from the wrongful criminal proceedings against her.

### Count VI
### Malicious Prosecution
### M.C.L. 600.2907

69. Ms. Baggett incorporates all preceding paragraphs as if fully restated here.

70. In addition to Michigan common law, Defendants' conduct violates Michigan's statutory prohibition against malicious prosecution. M.C.L. 600.2907. Accordingly, in addition to all damages Ms. Baggett is entitled as result of Defendants' malicious prosecution against her, she is entitled to statutory treble damages against Defendants.

WHEREFORE, Plaintiff Gina Baggett seeks judgment against Defendants, including:

  a. Declaration of violations of her rights by Defendants;

  b. Injunctive relief to prevent Defendants' unlawful conduct and ensure the rights of Ms. Baggett and others are upheld; and

    c. Damages in an amount fair, just, and equitable for the injuries so wrongfully sustained, including but not limited to economic and noneconomic damages, general and special, past and future physical and emotional distress, mental anguish, loss of reputation, humiliation and embarrassment, loss of society and companionship, lost wages, lost income, lost business reputation and expectations, medical expenses, and damage to her personal property, statutory damages, treble damages, for conversion, together with other compensatory damages, restitution, punitive damages, exemplary damages, interest, costs and attorney fees as allowed in law and equity.

Respectfully submitted,

| COMMUNITY LAW OFFICE | LAW OFFICES OF HOLLAND LOCKLEAR |
|---|---|
| By: */s/ Andrew Sullivan* <br> Andrew Sullivan (P84261) <br> *Attorney for Plaintiff* | By: */s/ Holland Locklear* <br> Holland Locklear (P82236) <br> *Attorney for Plaintiff* |

Date:  August 12, 2025

## JURY DEMAND

Plaintiff GINA BAGGETT, by and through her attorneys, Community Law Office and Law Offices of Holland Locklear, demands a trial by jury in the above-captioned matter.

                                    Respectfully submitted,

| COMMUNITY LAW OFFICE | LAW OFFICES OF HOLLAND LOCKLEAR |
|---|---|
| By: */s/ Andrew Sullivan* | By: */s/ Holland Locklear* |
| Andrew Sullivan (P84261) | Holland Locklear (P82236) |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

Date:  August 12, 2025